# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, <br><br>　　　　　Plaintiff(s), <br><br>vs. <br><br>HIGHLANDS MAINTENANCE CORPORATION, INC., et al., <br><br>　　　　　Defendant(s). | Case No. 2:17-cv-00965-APG-NJK <br><br> ORDER <br><br> (Docket No. 16) |

Pending before the Court is Plaintiff's motion for order authorizing service of summons and complaint upon Defendant Angela Yunhua Chen by publication and order enlarging time for service of process. Docket No. 16. The Court finds this motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion, Docket No. 16, is hereby **GRANTED** in part and **DENIED** in part.

**I.　　Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The Court finds that the motion establishes sufficient cause to extend the time for effectuating service on Defendant until August 21, 2017.

**II.　　Motion for Leave to Serve by Publication**

Plaintiff additionally seeks leave to serve Defendant by publication. *Id.* Service by

publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Plaintiff's process server has gone to an address in San Gabriel, California several times, but has only stayed there for a small amount of time each time. Additionally, Plaintiff's process server appears to have never made any attempt to gain access to the property other than waiting for a brief period of time to see if anyone enters or leaves. *See, e.g.*, Docket No. 16-1 at 3-4. Finally, it is unclear what efforts, if any, Plaintiff has made to determine that the Chen who lives in a different apartment than Plaintiff believed was Defendant Chen's at the San Gabriel address is the correct person. Thus, the Court finds that Plaintiff has not demonstrated that service by publication is warranted in this instance.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for order authorizing service of summons and complaint upon Defendant Angela Yunhua Chen by publication and order enlarging time for service of process. Docket No. 16. The deadline to serve Defendant Angela Yunhua Chen is hereby **EXTENDED** to August 21, 2017. Plaintiff's request to serve Defendant Chen by publication is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: June 23, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge