UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>　　Plaintiff<br><br>v.<br><br>HIGHLANDS MAINTENANCE CORPORATION, INC., et al.,<br><br>　　Defendants | Case No.: 2:17-cv-00965-APG-NJK<br><br>**Order Denying as Moot Defendant Highlands' Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 45, 46] |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust still encumbers property located at 512 Copper View Street in Henderson, Nevada, following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Highlands Maintenance Corporation, Inc. (Highlands).  BONY seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Highlands and Highlands' foreclosure agent, defendant Red Rock Financial Services, LLC (Red Rock).  Defendant Angela Chen purchased the property at the HOA sale.

BONY moves for summary judgment, arguing that BAC Home Loans Servicing, LP (BAC) tendered the superpriority amount to Red Rock prior to the sale, thereby preserving the deed of trust.  No one filed a response to BONY's motion.  Highlands separately moved for summary judgment, but BONY and Highlands thereafter settled their dispute. ECF No. 55.  I therefore deny Highlands' motion for summary judgment as moot.  I grant BONY's motion because no genuine dispute remains that BAC tendered the superpriority amount prior to the sale, so the deed of trust was not extinguished as a matter of law.  I dismiss as moot BONY's alternative damages claims against Red Rock.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has met its initial burden on summary judgment of establishing that BAC tendered the superpriority amount in full. The HOA assessment was $19 per month. ECF No.

45-5 at 3-4. There were no maintenance or nuisance abatement charges for this property. *Id.* at 4. Prior to the HOA foreclosure sale, BAC, through the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), tendered $171 to Red Rock to cover the superpriority amount of nine months of assessments. ECF No. 45-7 at 21-25. According to Miles Bauer's case management system, Red Rock returned the check. *Id.* at 25. Because no one responded to BONY's motion, no one has pointed to evidence raising a genuine dispute that BAC tendered the superpriority amount. I therefore grant BONY's motion as to its declaratory relief claim and dismiss as moot its alternative damages claims against Red Rock.

## II. CONCLUSION

I THEREFORE ORDER that defendant Highlands Maintenance Corporation's motion for summary judgment **(ECF No. 47) is DENIED as moot**.

I FURTHER ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 45) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon and against defendant Angela Chen as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Highlands Maintenance Corporation, Inc. on April 4, 2014 did not extinguish the deed of trust and the property located at 512 Copper View Street in Henderson, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendant Red Rock Financial Services, LLC are dismissed as moot, and the clerk of court is instructed to close this case.

DATED this 24th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE